## Commonwealth v. Althoff

*Ernest L. Green, Jr.*, Assistant District Attorney, and *Raymond R. Start*, District Attorney, for Commonwealth.

*Edward Kassab* and *Joseph F. Mulcahy, Jr.*, for defendant.

TOAL, J., July 31, 1958.—Defendant, Earl Althoff, was convicted of an attempt to commit sodomy (The Penal Code of June 24, 1939, P. L. 872, sec. 1107, 18

PS §5107) and of corrupting the morals of children: The Penal Code of June 24, 1939, P. L. 872, sec. 532, amended June 3, 1953, P. L. 277, sec. 1, 18 PS §4532.

A demurrer to the indictment charging sodomy was sustained by the trial judge. A motion in arrest of judgment and for a new trial having been filed by defendant, the matter was argued orally before the court en banc and written briefs submitted by both sides. A final decision must now be made by the court.

Defendant challenges the verdict of the jury on the ground that the Commonwealth failed to produce sufficient evidence to show defendant's guilt beyond a reasonable doubt. Further that defendant cannot be guilty of an attempt to commit sodomy because it was inherently impossible for him to commit the substantive crime and that he did not have the capacity to complete the act attempted because at the time of the alleged occurrence he was "stupidly drunk".

The wife of defendant was a witness for the Commonwealth. She testified that she had gone to bed and heard defendant, who was downstairs, order the young son to go to bed and to get in his, defendant's bed. The boy did as ordered and shortly thereafter the wife heard defendant come upstairs, enter the bedroom completely undressed except for his shorts, and then go into the bathroom, take something out of the medicine closet, go back into the bedroom, and she then heard something like the cap of a jar being removed. She immediately went into the bedroom and found that defendant had removed all of the boy's clothing, all of his own clothing, had turned the boy over on his stomach and was lying on top of him with his hands around him and moving up and down.

Defendant says he was so stupidly drunk that he was incapable of forming the intent to commit sodomy and also was physically incapable of having sexual relations.

Under cross-examination by defense counsel, the wife testified as follows:

"When he is stupidly drunk it is true, but it doesn't take away the desire nor the *attempt* to, it increases. Just because he is not capable it does not take the desire away to try it." (Italics supplied).

Further cross-examination revealed:

"Q. Does he ever attempt to have relations with you when he has been drinking?

"A. Yes, sir.

"Q. He does?

"A. Yes.

"Q. Therefore he is incapable in that condition, is that correct?

"A. Incapable of the actual act but not incapable of trying and of being more in the mood to want to do things when he is in that condition."

The Penal Code of June 24, 1939, P. L. 872, sec. 1107, 18 PS §5107, sets forth the law on attempt to commit crime as follows:

"If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same."

In the case of Commonwealth v. Egan, 190 Pa. 10, the Supreme Court stated:

"An attempt . . . is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it . . ."

The evidence adduced by the Commonwealth showed defendant was guilty of an overt act, namely undressing the boy, turning him over on his stomach,

getting on top of the boy and actually moving up and down in an attempt to perform the sexual act. That defendant may, at that particular time, have lacked the power to penetrate the anus of the boy because of drunkenness does not relieve him of the charge that he actually attempted to complete the act.

We see no merit in the theory advanced by defendant with respect to both of the offenses of which defendant was convicted. Accordingly the following is made:

### Order

And now, July 31, 1958, defendant, Earl Althoff, having filed a motion for a new trial and also a motion in arrest of judgment, and the matter having been argued before the court en banc, together with the submission of written briefs, and after due consideration it is hereby ordered, directed and adjudged:

1. That the motions for a new trial and in arrest of judgment be and they are herewith dismissed; and

2. That a new trial be and it is hereby refused defendant; and

3. That exceptions are allowed to defendant for the action taken herein.

Defendant, Earl Althoff, is to be and appear before the court on Monday, September 15, 1958, for sentence.